UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VINCENT FORREST,<br><br>Defendant. | CRIMINAL NO. 21-cr-431-RDM |

**UNITED STATES' MOTION *IN LIMINE* REGARDING THE ADMISSION OF CERTAIN EVIDENCE RELATING TO THE TESTIMONY OF RAQUEL DEPAULA**

The United States of America respectively moves *in limine* for an order to permit the admission of certain evidence relating to the testimony of Raquel DePaula. Specifically, the Government intends to call Ms. DePaula as a witness during its case-in-chief and elicit admissible testimony about her guilty plea. Consistent with that intention, during the Government's opening statement, it intends to inform the jury that Ms. DePaula was a co-conspirator of the Defendant, that she will be a witness at trial, and that she has entered a guilty plea. In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this motion.

**I.    Factual and Procedural Background**

The Government will call Raquel DePaula, the Defendant's co-conspirator, as witness at trial. On October 6, 2021, Ms. DePaula entered a plea of guilty to Count 2 of the Indictment, Bribery of Public Officials and Witnesses, in violation of Title 18, United States Code, Section 201(b). (E.C.F. Nos. 20 & 21.) During the Government's opening statement, it intends to inform the jury that Ms. DePaula was a co-conspirator of the Defendant, that she will be a witness at trial, and that she has entered a guilty plea. The Government conferred with defense counsel who

indicated that should the Government wish to put this information before the jury, then the Government should raise it with the Court in advance.

## II. Discussion

The admissibility of a coconspirator's plea was recently addressed by this Court in *United States v. de Moya, et al.*, (19-cr-158) (RBW) (D.D.C. 2023). The defense unsuccessfully argued for a new trial because in its opening statement the Government stated that cooperating witnesses would be testifying and had pleaded guilty. In that case, and consistent with black letter law, Judge Walton denied defense counsel's motion and stated,

> "I guess I'm perplexed as to why the comments were such that a mistrial would be required, even assuming that there was some mistake in what was said… I thought he was just that bringing out the fact that these witnesses had, in fact, entered plea of guilty. Obviously, the fact that they pled guilty, I'm sure that's going to be a major focus of cross examination to suggest lack of credibility. And, obviously, that information was going to come out. And, in fact, in the *voir dire*, I told them that there would be evidence of that nature and asked whether with appropriate instructions they would be able to, nonetheless judge fairly the credibility of these individuals….Obviously, that's a significant problem if the witness is not going to testify, but that is a factor to take into account when the witness is going to testify. And counsel for the defendant will have an opportunity to cross examine that individual. So, I mean, clearly, this evidence was going to come out."

Exhibit 1 at 6-7.

The Government did not suggest in that trial nor does it intend to suggest in this trial that because one cooperating witness pleaded guilty, the Defendant must be guilty. However, as the Court pointed it out in *de Moya*, the guilty plea of a testifying co-conspirator is a relevant point for the jury to consider in evaluating his or her credibility and, further, if it is not elicited by the Government it will surely be a topic of cross-examination by the defense.

The D.C. Circuit has been clear that a *testifying* co-defendant's guilty plea is admissible for the purpose of acknowledging the witness's role in the offense. *See, e.g.*, *United States v. Brown,* 508 F.3d 1066, 1073 (D.C. Cir. 2007) ("[A] government witness' guilty plea obviously

may not be used as substantive evidence of the guilt of defendants, but the plea is equally obviously admissible to show the witness's acknowledgement of his role in the offense and to reflect on his credibility.") (citing *United States v. Tarantino*, 846 F.2d 1384, 1404-05 (D.C. Cir. 1988)).

For the foregoing reasons, the Court should grant the Government's motion.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

*/s/ Joshua S. Rothstein*
Joshua S. Rothstein
N.Y. Bar Number 4453759
Madhu Chugh
D.C. Bar Number 992122
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20539
Office: 202-252-7164 (JSR), 202-252-6718 (MC)
Joshua.Rothstein@usdoj.gov
Madhu.Chugh@usdoj.gov
